IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC STEBEL, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-3016 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
| *Defendant*. | § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Allstate Vehicle and Property Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the Court the following:

*Procedural Background*

1. On or about September 9, 2016, Plaintiff filed Plaintiff's First Amended Petition in the matter styled *Eric Stebel v. Allstate Vehicle and Property Insurance Company;* Cause No. 16-08-08840; In the 284th Judicial District Court, Montgomery County, Texas, in which Plaintiff made a claim for damages under her homeowner's insurance policy with Allstate Vehicle and Property Insurance Company following a windstorm/hailstorm. Allstate Vehicle and Property Insurance Company's registered agent received this citation and petition on September 9, 2016. Defendant files this Notice of Removal within the thirty-day time period required by 28 U. S. C. § 1446(b).

2. Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Montgomery County Clerk's file for this case is attached as Exhibit "B", which includes true and

correct copies of all executed process, pleadings and orders, and a copy of *Defendant's Original Answer*. Attached hereto as Exhibit "C" is the Designation of Counsel.

### *Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332(a)(1). There is complete diversity of citizenship.

4. Plaintiff is, and was at the time the lawsuit was filed, a citizen of the State of Texas. *See* Plaintiff's Original Petition, ¶3.

5. Defendant Allstate Vehicle and Property Insurance Company is an Illinois corporation with its principal place of business in Illinois and is a citizen of the State of Illinois for diversity purposes.

6. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-*3 (N.D. Tex. Mar. 10, 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F.Supp.2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F.Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

7. The amount in controversy in this case exceeds the jurisdictional requirements of this court. Plaintiff's First Amended Petition clearly states that Plaintiff seeks monetary relief of over $200,000.00 but not more than $1,000,000.00. *See* Plaintiff's Original Petition,¶37. This evidence clearly demonstrates that the amount in controversy in this case exceeds the jurisdictional requirements.

### *The Removal is Procedurally Correct*

8. Allstate Vehicle and Property Insurance Company was first served with the amended petition on September 9, 2016. Allstate Vehicle and Property Insurance Company files this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

9. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to the Plaintiff's claims allegedly occurred in this district.

10. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

11. Pursuant to 28 U.S.C. §1446(d), promptly after Allstate Vehicle and Property Insurance Company files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

12. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Montgomery County promptly after Allstate Vehicle and Property Insurance Company files this Notice.

Respectfully submitted,

 /s/ Jay Scott Simon
Jay Scott Simon
Attorney-in-Charge
State Bar No. 24008040
Southern District No. 31422
jsimon@thompsoncoe.com
THOMPSON, COE, COUSINS & IRONS, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8210
Telecopy:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was duly served pursuant to Federal Rules of Civil Procedure on counsel for Plaintiff, Eric Stebel, by and through his attorney of record, Scott G. Hunziker, The Voss Law Firm, P.C., 26619 Interstate 45 South, The Woodlands, Texas 77380, on the 10th day of October, 2016.

 /s/ Jay Scott Simon
Jay Scott Simon

2565440v1
03646.724