Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts  Help

# REGISTER OF ACTIONS
## CASE NO. 16-08-08840

| | | | |
|---|---|---|---|
| Eric Stebel VS. Allstate Insurance Company | § | Case Type: | **Contract** |
| | § | | **Consumer/Commercial/Debt** |
| | § | | **>$200,000** |
| | § | Date Filed: | **07/28/2016** |
| | § | Location: | **284th Judicial District Court** |

## PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Defendant** | **Allstate Insurance Company** | **Jay Scott Simon** |
| | Registered Agent : CT Corporation | *Retained* |
| | 1999 Bryan St. | 713-403-8210(W) |
| | Ste. 900 | |
| | Dallas, TX 75201-3136 | |
| | | |
| **Plaintiff** | **Stebel, Eric** | **Scott Hunziker** |
| | 7 Crested Pt. Place | *Retained* |
| | The Woodlands, TX 77381 | 713-861-0015(W) |

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 07/28/2016 | **Original Petition (OCA)** |
| 07/28/2016 | **E-Filed Original Petition Document** |
| 08/02/2016 | **Request For Service** |
| 08/02/2016 | **Citation** |

| | Served | 08/12/2016 |
|---|---|---|
| Allstate Insurance Company | Returned | 09/01/2016 |

| | |
|---|---|
| 08/02/2016 | **Civil Case Information Sheet** |
| 09/01/2016 | **Return of Citation** |
| 09/02/2016 | **Original Answer** |
| 09/09/2016 | **Jury Trial Requested** |
| 09/09/2016 | **Jury Fee Paid** |
| 09/09/2016 | **Amended Petition** |
| 09/09/2016 | **Jury Trial Requested** |
| 09/29/2016 | **Answer** |
| 09/29/2016 | **Jury Trial Requested** |
| 09/29/2016 | **Jury Fee Paid** |

## FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Defendant** Allstate Insurance Company | | | |
| Total Financial Assessment | | | 80.00 |
| Total Payments and Credits | | | 80.00 |
| **Balance Due as of 10/10/2016** | | | **0.00** |
| | | | |
| 09/02/2016 | Transaction Assessment | | 40.00 |
| 09/02/2016 | E-File Electronic Payment   Receipt # 2016-102331 | Allstate Insurance Company | (40.00) |
| 09/30/2016 | Transaction Assessment | | 40.00 |
| 09/30/2016 | E-File Electronic Payment   Receipt # 2016-105760 | Allstate Insurance Company | (40.00) |
| | | | |
| **Plaintiff** Stebel, Eric | | | |
| Total Financial Assessment | | | 295.00 |
| Total Payments and Credits | | | 295.00 |
| **Balance Due as of 10/10/2016** | | | **0.00** |
| | | | |
| 08/02/2016 | Transaction Assessment | | 295.00 |
| 08/02/2016 | E-File Electronic Payment   Receipt # 2016-97978 | Stebel, Eric | (295.00) |

# EXHIBIT B

Received and E-Filed for Record
7/28/2016 11:59:35 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

16-08-08840

CAUSE NO. _____

| | | |
|---|---|---|
| ERIC STEBEL,<br>Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT<br>Montgomery County - 284th Judicial District Court |
| vs. | §<br>§ | MONTGOMERY COUNTY, TEXAS |
| ALLSTATE INSURANCE COMPANY,<br>Defendant. | §<br>§ | ____ JUDICIAL DISTRICT |

---

## PLAINTIFF'S ORIGINAL PETITION

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Eric Stebel (hereinafter "Plaintiff"), and complains of Allstate Insurance Company (hereinafter "Allstate"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.    Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of The Woodlands, in Montgomery County, Texas.

## PARTIES

3.     Plaintiff is an individual whose residence is located in The Woodlands, Montgomery County, Texas.

4.     Allstate Insurance Company is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case. Allstate may be served with Citation and a copy of this Petition, by serving it through its registered agent, CT Corporation, at its principal address, 1999 Bryan St., Ste. 900, Dallas TX 75201 -3136, or wherever it may be found.

## BACKGROUND

5.     This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 7 Crested Pt. Place, The Woodlands, TX 77381, (the "Property"). In addition to seeking economic and penalty based damages from Allstate, Plaintiff also seeks compensation from Allstate for damages caused by improperly investigating the extensive losses associated with this case.

6.     Plaintiff owns the Property.

7.     Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Allstate to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through his residential policy, 0829002682, Plaintiff was objectively insured for the subject loss by Defendant.

8.     On or around April 24, 2016, the Property suffered incredible damage due to storm related conditions.

9.      In the aftermath, Plaintiff relied on Allstate to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.     Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, his residential policy covered Plaintiff during the time period in question.

11.     Despite Plaintiff's efforts, Allstate continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.     Moreover, Allstate has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.     In the months following, Plaintiff provided information to Allstate, as well as provided opportunities for Allstate to inspect the Property.  However, Allstate failed to conduct a fair investigation into the damage to the Property.  Moreover, Allstate failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.     Despite Allstate's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Allstate.  Further, Plaintiff made inquiries regarding the status of the losses, and payments.  Regardless, Allstate failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15.     Allstate has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  Allstate has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.  Allstate did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Allstate has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Allstate in a timely manner.

17.     Allstate has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Allstate that failed to conduct a reasonable investigation.  Ultimately, Allstate performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Allstate has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Allstate.  Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.     In addition, Allstate has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the

common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.     All acts by Allstate were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Allstate and/or were completed in its normal and routine course and scope of employment with Allstate.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

### A.
### BREACH OF CONTRACT

24.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25.     According to the policy that Plaintiff purchased, Allstate had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

26.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

27.     Despite objective evidence of such damages, Allstate has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the

cost to properly repair Plaintiff's Property, as well as for related losses.   As a result of this breach, Plaintiff has suffered actual and consequential damages.

**B.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

28.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

29.     Allstate's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Allstate engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    b.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and/or

    c.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code.

30.     As a result of Allstate's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.  Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas

Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

## C.
## BREACH OF THE COMMON-LAW DUTY
## OF GOOD FAITH AND FAIR DEALING

31.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

32.     By its acts, omissions, failures and conduct, Allstate has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

33.     Allstate has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Allstate knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered.   These acts, omissions, failures, and conduct by Allstate is a proximate cause of Plaintiff's damages.

## WAIVER AND ESTOPPEL

34.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35.     Allstate has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

36.     Allstate's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

37.     More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.  This damage range includes all actual and consequential damages suffered by Plaintiff, along with attorneys fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter.

## JURY DEMAND

38.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

39.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Allstate disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

40.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

> a.     Please produce Allstate complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.     Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

c.     Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.     Please produce the electronic diary, including the electronic and paper notes made by Allstate claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.     Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.     Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.     Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.     Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.     Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Allstate intends to offer these items into evidence at trial.

## **INTERROGATORIES**

41.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Interrogatories.

a.     Please identify any person Allstate expects to call to testify at the time of trial.

b.     Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.    If Allstate or Allstate's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Allstate or any of Allstate's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.    Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Allstate's investigation.

e.    Please state the following concerning notice of claims and timing of payment:

      i.    The date and manner in which Allstate received notice of the claim;

      ii.    The date and manner in which Allstate acknowledged receipt of the claim;

      iii.    The date and manner in which Allstate commenced investigation of the claim;

      iv.    The date and manner in which Allstate requested from the claimant all items, statements, and forms that Allstate reasonably believed, at the time, would be required from the claimant; and

      v.    The date and manner in which Allstate notified the claimant in writing of the acceptance or rejection of the claim.

f.    Please identify by date, amount and reason, the insurance proceed payments made by Allstate, or on Allstate's behalf, to the Plaintiff.

g.    Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.    When was the date Allstate anticipated litigation?

i.    Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Allstate's document retention policy.

j.    Does Allstate contend that the insured premises was damaged by storm-related events and/or any excluded peril?   If so, state the general factual basis for this contention.

k.    Does Allstate contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.   Does Allstate contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?   If so, state the general factual basis for this contention.

m.   How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

        i.    what performance measures are used; and
       ii.    describe Allstate's bonus or incentive plan for adjusters.

## CONCLUSION

42.    Plaintiff prays that judgment be entered against Allstate Insurance Company, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Allstate Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

*[signature page follows]*

Respectfully submitted,

THE VOSS LAW FIRM, P.C.

_/s/  Scott G. Hunziker_
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com
ATTORNEY FOR PLAINTIFF

Received and E-Filed for Record
9/21/2016 12:23 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

**CAUSE NO. 16-08-08840**

| | | |
|---|---|---|
| **ERIC STEBEL,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| **Defendant.** | § | **284TH JUDICIAL DISTRICT** |

## <u>DEFENDANT ALLSTATE INSURANCE COMPANY'S</u>
## <u>VERIFIED ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Insurance Company ("Defendant"), and files this, its Verified Original Answer to Plaintiff's Original Petition, and would respectfully show unto the Court the following:

**I.**
## <u>ORIGINAL ANSWER</u>

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's Original Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

**II.**
## <u>VERIFIED DENIAL</u>

Plaintiff's Original Petition names the Defendant as Allstate Insurance Company. The company which issued the insurance policy-at-issue is Allstate Vehicle and Property Insurance Company. Allstate Insurance Company is a separate company which did not issue Plaintiff's Policy of Insurance.

## III.
## DEMAND FOR JURY TRIAL

Defendant herein makes demand for a jury trial in this case, and will tender the applicable fees thereon.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Insurance Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,

By:   */s/Jay Scott Simon*
      Jay Scott Simon
      State Bar No. 24008040
      jsimon@thompsoncoe.com
      THOMPSON, COE, COUSINS & IRONS, L.L.P.
      One Riverway, Suite 1400
      Houston, Texas 77056
      Telephone:  (713) 403-8210
      Telecopy:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

This is to certify that on September 2, 2016, a true and correct copy of the foregoing was served upon the following counsel by electronic service:

Scott G. Hunziker
The Voss Law Center
The Voss Law Firm, PC
26619 I-45 S.
The Woodlands, TX  77380
scott@vosslawfirm.com

_/s/Jay Scott Simon_
Jay Scott Simon

CAUSE NO. 16-08-08840

| | | |
|---|---|---|
| ERIC STEBEL, | § | IN THE DISTRICT COURT OF |
|     Plaintiff, | § | |
| | § | |
| vs. | § | MONTGOMERY COUNTY, TEXAS |
| | § | |
| ALLSTATE INSURANCE COMPANY | § | |
|     Defendant. | § | 284TH JUDICIAL DISTRICT |

## VERIFICATION

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned notary public, on this day personally appeared Jay Scott Simon, as counsel for Allstate Insurance Company, who, being by me first duly sworn, did on his oath depose and say that he has read Defendant Allstate Insurance Company's Verified Original Answer and that the statements contained within the Verified Denial are, based upon information and belief, true and correct.

_____
Jay Scott Simon

SUBSCRIBED AND SWORN TO BEFORE ME by Jay Scott Simon on this the 2nd day of September, 2016, to certify which witness my hand and official seal.

_____
Notary Public, State of Texas

VERONICA PIZZITOLA
Notary ID 1016071-9
My Commission Expires
September 14, 2017

2537565v1

Received and E-Filed for Record
9/20/2016 11:02:23 AM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

CAUSE NO. 16-08-08840

| | | |
|---|---|---|
| **ERIC STEBEL,** | § | **IN THE DISTRICT COURT** |
|     **Plaintiff,** | § | |
| | § | |
| | § | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **ALLSTATE INSURANCE COMPANY,** | § | |
|     **Defendant.** | § | **284TH JUDICIAL DISTRICT** |

## PLAINTIFF'S FIRST AMENDED PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Eric Stebel (hereinafter "Plaintiff"), and complains of Allstate Vehicle and Property Insurance Company (hereinafter "Allstate"). In support of his claims and causes of action, Plaintiff would respectfully show the Court as follows:

### DISCOVERY LEVEL

1.     Plaintiff intends for discovery to be conducted at Level 2, pursuant to Rule 190 of the Texas Rules of Civil Procedure.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction to hear Plaintiff's claims under Texas common law and Texas statutory law. Inarguably, the amount in controversy exceeds the minimum jurisdictional limits of this Court. Venue is also proper, as all or a substantial part of the events giving rise to this suit occurred within the city of The Woodlands, in Montgomery County, Texas.

## PARTIES

3.      Plaintiff is an individual whose residence is located in The Woodlands, Montgomery County, Texas.

4.      Allstate Vehicle and Property Insurance Company is a company engaged in the business of adjusting insurance claims. This includes Plaintiff's insurance policy which is at issue in the present case.  Allstate may be served with Citation and a copy of this Petition, by serving it through its registered agent, CT Corporation, at its principal address,  1999 Bryan St., Ste. 900, Dallas TX 75201 -3136,  or wherever it may be found.

## BACKGROUND

5.      This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiff's Property, which is located at 7 Crested Pt. Place, The Woodlands, TX 77381, (the "Property").  In addition to seeking economic and penalty based damages from Allstate, Plaintiff also seeks compensation from Allstate for damages caused by improperly investigating the extensive losses associated with this case.

6.      Plaintiff owns the Property.

7.      Prior to the occurrence in question, Plaintiff purchased a residential insurance policy from Allstate to cover the Property at issue in this case for a loss due to storm-related events.   Plaintiff's Property suffered storm-related damage. Through his residential policy, 0829002682, Plaintiff was objectively insured for the subject loss by Defendant.

8.      On or around April 24, 2016, the Property suffered incredible damage due to storm related conditions.

9.    In the aftermath, Plaintiff relied on Allstate to help begin the rebuilding process. By and through his residential policy, Plaintiff was objectively insured for the subject losses in this matter.

10.   Pursuant to his obligation as a policyholder, Plaintiff made complete payment of all residential insurance premiums in a timely fashion.   Moreover, his residential policy covered Plaintiff during the time period in question.

11.   Despite Plaintiff's efforts, Allstate continually failed and refused to pay Plaintiff in accordance with its promises under the Policy.

12.   Moreover, Allstate has failed to make any reasonable attempt to settle Plaintiff's claims in a fair manner, although its liability to the Plaintiff under the policy is without dispute.

13.   In the months following, Plaintiff provided information to Allstate, as well as provided opportunities for Allstate to inspect the Property.  However, Allstate failed to conduct a fair investigation into the damage to the Property.  Moreover, Allstate failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiff's claims.

14.   Despite Allstate's improprieties, Plaintiff continued to provide information regarding the losses and the related claim to Allstate.  Further, Plaintiff made inquiries regarding the status of the losses, and payments.  Regardless, Allstate failed and refused to respond to the inquiries, and failed to properly adjust the claim and the losses.  As a result, to this date, Plaintiff has not received proper payment for his claim, even though notification was provided.

15.     Allstate has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property.  Allstate has furthermore failed to offer Plaintiff adequate compensation without any explanation why full payment was not being made.  Allstate did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

16.     Allstate has further failed to affirm or deny coverage within a reasonable time. Plaintiff also did not receive timely indication of acceptance or rejection regarding the full and entire claim in writing from Allstate in a timely manner.

17.     Allstate has, to date, refused to fully compensate Plaintiff under the terms of the policy for which Plaintiff paid, even though it was Allstate that failed to conduct a reasonable investigation.   Ultimately, Allstate performed a result-oriented investigation of Plaintiff's claim that resulted in an unfair, biased and inequitable evaluation of Plaintiff's losses.

18.     Allstate has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claims within the time period mandated by statute.

19.     As a result of the above issues, Plaintiff did not receive the coverage for which he had originally contracted with Allstate.  Unfortunately, Plaintiff has, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

20.     In addition, Allstate has failed to place adequate and proper coverage for Plaintiff causing Plaintiff to suffer further damages.  As indicated below, Plaintiff seeks relief under the

common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

21.     All conditions precedent to recovery by Plaintiff has been met or has occurred.

## AGENCY

22.     All acts by Allstate were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Allstate and/or were completed in its normal and routine course and scope of employment with Allstate.

## CLAIMS AGAINST DEFENDANT

23.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

## A.
## BREACH OF CONTRACT

24.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

25.     According to the policy that Plaintiff purchased, Allstate had the absolute duty to investigate Plaintiff's damages, and to pay Plaintiff's policy benefits for the claims made due to the extensive storm-related damages.

26.     As a result of the storm-related event, Plaintiff suffered extreme external and internal damages.

27.     Despite objective evidence of such damages, Allstate has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiff benefits relating to the

cost to properly repair Plaintiff's Property, as well as for related losses.   As a result of this breach, Plaintiff has suffered actual and consequential damages.

**B.**
**VIOLATIONS OF TEXAS INSURANCE CODE**

28.     Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

29.     Allstate's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).   Specifically, Allstate engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

> a.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;
>
> b.     Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and/or
>
> c.     Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code.

30.     As a result of Allstate's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf.   Accordingly, Plaintiff also seeks to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas

Insurance Code and any other such damages to which Plaintiff may show himself justly entitled by law and in equity.

**C.**
**BREACH OF THE COMMON-LAW DUTY**
**OF GOOD FAITH AND FAIR DEALING**

31.     Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

32.     By its acts, omissions, failures and conduct, Allstate has breached its common law duty of good faith and fair dealing by denying Plaintiff's claims or inadequately adjusting and making an offer on Plaintiff's claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

33.     Allstate has also breached this duty by unreasonably delaying payment of Plaintiff's entire claims and by failing to settle Plaintiff's claims, as Allstate knew or should have known that it was reasonably clear that Plaintiff's storm-related claims were covered.   These acts, omissions, failures, and conduct by Allstate is a proximate cause of Plaintiff's damages.

**WAIVER AND ESTOPPEL**

34.     Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

35.     Allstate has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiff.

## DAMAGES

36.     Allstate's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

37.     More specifically, Plaintiff seeks monetary relief of over $200,000 but not more than $1,000,000.  This damage range includes all actual and consequential damages suffered by Plaintiff, along with attorneys fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter.

## JURY DEMAND

38.     Plaintiff demands a jury trial and tenders the appropriate fee with this Original Petition.

## REQUEST FOR DISCLOSURE

39.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff requests that Allstate disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## REQUEST FOR PRODUCTION

40.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Production.

a.     Please produce Allstate complete claim files from the home, regional, local offices, and third party adjusters/adjusting firms regarding the claims that are the subject of this matter, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

b.      Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

c.      Please produce certified copy of the insurance policy pertaining to the claims involved in this suit.

d.      Please produce the electronic diary, including the electronic and paper notes made by Allstate claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claims.

e.      Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claims or the Property, which is the subject of this suit.

f.      Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

g.      Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the subject Property.

h.      Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim(s).

i.      Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Allstate intends to offer these items into evidence at trial.

## **INTERROGATORIES**

41.     Pursuant to the Texas Rules of Civil Procedure, Plaintiff propounds the following

Interrogatories.

a.      Please identify any person Allstate expects to call to testify at the time of trial.

b.      Please identify the persons involved in the investigation and handling of Plaintiff's claims for insurance benefits arising from damage relating to the underlying event, claims or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

c.     If Allstate or Allstate's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Allstate or any of Allstate's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

d.     Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Allstate's investigation.

e.     Please state the following concerning notice of claims and timing of payment:

      i.     The date and manner in which Allstate received notice of the claim;

      ii.    The date and manner in which Allstate acknowledged receipt of the   claim;

      iii.   The date and manner in which Allstate commenced investigation of the claim;

      iv.   The date and manner in which Allstate requested from the claimant all items, statements, and forms that Allstate reasonably believed, at the time,  would be required from the claimant; and

      v.    The date and manner in which Allstate notified the claimant in writing of the acceptance or rejection of the  claim.

f.     Please identify by date, amount and reason, the insurance proceed payments made by Allstate, or on Allstate's behalf, to the Plaintiff.

g.     Have Plaintiff's claims for insurance benefits been rejected or denied in full or in part? If so, state the reasons for rejecting/denying the claim.

h.     When was the date Allstate anticipated litigation?

i.     Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claims for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Allstate's document retention policy.

j.     Does Allstate contend that the insured premises was damaged by storm-related events and/or any excluded peril?   If so, state the general factual basis for this contention.

k.     Does Allstate contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

l.     Does Allstate contend that the Plaintiff failed to satisfy any condition precedent or covenant of the policy in any way?   If so, state the general factual basis for this contention.

m.     How is the performance of the adjuster(s) involved in handling Plaintiff's claims evaluated?  State the following:

    i.      what performance measures are used; and
    ii.     describe Allstate's bonus or incentive plan for adjusters.

## **CONCLUSION**

42.     Plaintiff prays that judgment be entered against Allstate Vehicle and Property Insurance Company, and that Plaintiff be awarded all of his actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays he be awarded all such relief to which he is due as a result of the acts of Allstate Vehicle and Property Insurance Company, and for all such other relief to which Plaintiff may be justly entitled.

*[signature page follows]*

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/  Scott G. Hunziker
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile:  (713) 861-0021
scott@vosslawfirm.com
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on September 9, 2016, a true and correct copy of the foregoing was

served upon the following counsel:

Jay Scott Simon
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

_/s/ Scott G. Hunziker_
Scott G. Hunziker

Received and E-Filed for Record
8/29/2016 3:46:50 PM
Barbara Gladden Adamick
District Clerk
Montgomery County, Texas

## CAUSE NO. 16-08-08840

| | | |
|---|---|---|
| **ERIC STEBEL,** | § | **IN THE DISTRICT COURT OF** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **MONTGOMERY COUNTY, TEXAS** |
| | § | |
| **ALLSTATE INSURANCE COMPANY** | § | |
| **Defendant.** | § | **284TH JUDICIAL DISTRICT** |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Vehicle and Property Insurance Company ("Defendant"), and files this, its Original Answer, and would respectfully show unto the Court the following:

### I.

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant generally denies each and every, all and singular, the allegations contained within Plaintiff's current live Petition, and demands strict proof thereon by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.

Defendant herein makes demand for a jury trial in this case, and will tender the applicable fees thereon.

### III.

Defendant specifically notes the defendant named in Plaintiff's Original Petition "Allstate Insurance Company" is no longer a party to this lawsuit. The only current Defendant is Allstate Vehicle and Property Insurance Company which was not a party to this litigation until filing of service of Plaintiff's First Amended Petition.

## IV.

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Vehicle and Property Insurance Company prays that upon final trial and hearing hereof, Plaintiff recovers nothing from Defendant, but Defendant goes hence without delay and recover costs of court and other such further relief, both general and special, to which Defendant may be justly entitled.

Respectfully submitted,


By:  */s/Jay Scott Simon*
       Jay Scott Simon
       State Bar No. 24008040
       jsimon@thompsoncoe.com
       THOMPSON, COE, COUSINS & IRONS, L.L.P.
       One Riverway, Suite 1400
       Houston, Texas 77056
       Telephone:  (713) 403-8210
       Telecopy:  (713) 403-8299

**ATTORNEY FOR DEFENDANT**


### <u>CERTIFICATE OF SERVICE</u>

This is to certify that on September 29, 2016, a true and correct copy of the foregoing was served upon the following counsel by electronic service:

Scott G. Hunziker
The Voss Law Center
The Voss Law Firm, PC
26619 I-45 S.
The Woodlands, TX  77380
scott@vosslawfirm.com


       */s/Jay Scott Simon*
       Jay Scott Simon