UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERIC STEBEL | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | CASE NO. 4:16-CV-3016 |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | § | |
|     Defendant. | § | |

## PLAINTIFFS' SECOND AMENDED COMPLAINT

**TO THE HONORABLE SIM LAKE:**

**COMES NOW** Eric Stebel and Jana Rener Stebel (hereinafter "Plaintiffs"), and complain of Allstate Vehicle and Property Insurance Company (hereinafter "Allstate"). In support of their claims and causes of action, Plaintiffs would respectfully show the Court as follows:

### PARTIES

1. Plaintiffs are individuals whose residence is located in The Woodlands, Montgomery County, Texas.

2. Allstate Vehicle and Property Insurance Company is a company engaged in the business of adjusting insurance claims. This includes Plaintiffs' insurance policy which is at issue in the present case. Allstate has been served, has formally answered through counsel and is before the Court for all purposes.

## **BACKGROUND**

3. This matter revolves largely around a first party insurance dispute regarding the extent of damages and amount of loss suffered to the Plaintiffs' Property, which is located at 7 Crested Pt. Place, The Woodlands, TX 77381, (the "Property"). In addition to seeking economic and penalty based damages from Allstate, Plaintiffs also seek compensation from Allstate for damages caused by improperly investigating the extensive losses associated with this case.

4. Plaintiffs own the Property.

5. Prior to the occurrence in question, Plaintiffs purchased a residential insurance policy from Allstate to cover the Property at issue in this case for a loss due to storm-related events. Plaintiffs' Property suffered storm-related damage. Through their residential policy, 0829002682, Plaintiffs were objectively insured for the subject loss by Defendant.

6. On or around the later night and early morning hours of April 17 and April 18, 2016, the Property suffered incredible damage due to hail and wind storm related conditions.

7. In the aftermath, Plaintiffs relied on Allstate to help begin the rebuilding process. By and through their residential policy, Plaintiffs were objectively insured for the subject losses in this matter.

8. Pursuant to their obligation as a policyholder, Plaintiffs made complete payments of all residential insurance premiums in a timely fashion. Moreover, their residential policy covered Plaintiffs during the time period in question.

9. Despite Plaintiffs' efforts, Allstate continually failed and refused to pay Plaintiffs in accordance with its promises under the Policy.

10. Moreover, Allstate has failed to make any reasonable attempt to settle Plaintiffs' claims in a fair manner, although its liability to the Plaintiffs under the policy is without dispute.

11. In the months following, Plaintiffs provided information to Allstate, as well as provided opportunities for Allstate to inspect the Property. However, Allstate failed to conduct a fair investigation into the damage to the Property. Moreover, Allstate failed to properly inspect the Property and its related damages, failed to properly request information, failed to properly investigate the claim, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report and make recommendations in regard to Plaintiffs' claims.

12. Despite Allstate's improprieties, Plaintiffs continued to provide information regarding the losses and the related claim to Allstate. Further, Plaintiffs made inquiries regarding the status of the losses, and payments. Regardless, Allstate still failed to properly adjust the claim and the losses. As a result, to this date, Plaintiffs have not received proper payment for his claim, even though notification was provided.

13. Allstate has failed to explain the reasons for failing to offer adequate compensation for the damage to the Property. Allstate has furthermore failed to offer Plaintiffs adequate compensation without any explanation of why full payment was not being made. Allstate did not communicate that any future settlements or payments would be forthcoming to pay the entire losses covered under the policy.

14. Allstate has, to date, refused to fully compensate Plaintiffs under the terms of the policy for which Plaintiffs paid, even though it was Allstate that failed to conduct a reasonable investigation. Ultimately, Allstate performed a result-oriented investigation of Plaintiffs' claim that resulted in an unfair, biased and inequitable evaluation of Plaintiffs' losses.

15. Allstate has failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claims within the time period mandated by statute.

16. As a result of the above issues, Plaintiffs did not receive the coverage for which he had originally contracted with Allstate. Unfortunately, Plaintiffs have, therefore, been forced to file this suit in order to recover damages arising from the above conduct, as well as overall from the unfair refusal to pay insurance benefits.

17. In addition, Allstate has failed to place adequate and proper coverage for Plaintiffs causing Plaintiffs to suffer further damages. As indicated below, Plaintiffs seek relief under the common law, the Deceptive Trade Practices-Consumer Protection Act and the Texas Insurance Code.

## CONDITIONS PRECEDENT

18. All conditions precedent to recovery by Plaintiffs have been met or has occurred.

## AGENCY

19. All acts by Allstate were undertaken and completed by its officers, agents, servants, employees, and/or representatives. Such were either done with the full authorization or ratification of Allstate and/or were completed in its normal and routine course and scope of employment with Allstate.

## CLAIMS AGAINST DEFENDANT

20. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

## A.
## BREACH OF CONTRACT

21.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

22.     According to the policy that Plaintiffs purchased, Allstate had the absolute duty to investigate Plaintiffs' damages, and to pay Plaintiffs' policy benefits for the claims made due to the extensive storm-related damages.

23.     As a result of the storm-related event, Plaintiffs suffered extreme external and internal damages.

24.     Despite objective evidence of such damages, Allstate has breached its contractual obligations under the subject insurance policy by failing to pay Plaintiffs benefits relating to the cost to properly repair Plaintiffs' Property, as well as for related losses.  As a result of this breach, Plaintiffs have suffered actual and consequential damages.

## B.
## VIOLATIONS OF TEXAS INSURANCE CODE

25.     Plaintiffs hereby incorporate by reference all facts and circumstances set forth within the foregoing paragraphs.

26.     Allstate's actions constitute violations of the Texas Insurance Code, including but not limited to, Article 21.21 Sections 4(10) (a) (ii), (iv), and (viii) (codified as Section 541.060), Article 21.21 Section 11(e) (codified as Section 541.061), and Article 21.55 Section 3(f) (codified as Section 542.058).  Specifically, Allstate engaged in certain unfair or deceptive acts or practices that include, but are not limited to the following:

    a.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the

        insurer's denial of a claim or for the offer of a compromise settlement of a claim;

    b.    Refusing to pay a claim without conducting a reasonable investigation with respect to the claim; and/or

    c.    Misrepresenting an insurance policy by failing to disclose any matter required by law to be disclosed, including a failure to make such disclosure in accordance with another provision of this code.

27.    As a result of Allstate's unfair and deceptive actions and conduct, Plaintiffs have been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on his behalf. Accordingly, Plaintiffs also seek to recover his costs and reasonable and necessary attorneys' fees as permitted under Section 17.50(d) of the Texas Business & Commerce Code or Article 21.21 Section 16(b) (1) (codified as Section 541.152) of the Texas Insurance Code and any other such damages to which Plaintiffs may show themselves justly entitled by law and in equity.

## C. BREACH OF THE COMMON-LAW DUTY OF GOOD FAITH AND FAIR DEALING

28.    Plaintiffs hereby incorporate by reference all facts and circumstances in the foregoing paragraphs.

29.    By its acts, omissions, failures and conduct, Allstate has breached its common law duty of good faith and fair dealing by denying Plaintiffs' claims or inadequately adjusting and making an offer on Plaintiffs' claims without any reasonable basis, and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial.

30.    Allstate has also breached this duty by unreasonably delaying payment of Plaintiffs entire claims and by failing to settle Plaintiffs' claims, as Allstate knew or should have

known that it was reasonably clear that Plaintiffs' storm-related claims were covered. These acts, omissions, failures, and conduct by Allstate is a proximate cause of Plaintiffs' damages.

## WAIVER AND ESTOPPEL

31. Plaintiffs hereby incorporate by reference all facts and circumstances set forth under the foregoing paragraphs.

32. Allstate has waived and is estopped from asserting any defenses, conditions, exclusions, or exceptions to coverage not contained in any Reservation of Rights or denial letters to Plaintiffs.

## DAMAGES

33. Allstate's acts have been the producing and/or proximate cause of damage to Plaintiffs, and Plaintiffs seek an amount in excess of the minimum jurisdictional limits of this Court.

34. More specifically, Plaintiffs seek monetary relief of over $200,000 but not more than $1,000,000. This damage range includes all actual and consequential damages suffered by Plaintiffs, along with attorneys fees, recoverable costs of court with fees and interest available under the above included causes of action in this matter.

## JURY DEMAND

35. Plaintiffs demand a jury trial and will tender the appropriate fee.

## CONCLUSION

Plaintiffs pray that judgment be entered against Allstate Vehicle and Property Insurance Company, and that Plaintiffs be awarded all of their actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and

necessary attorney fees, court costs and for all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Second Amended Complaint.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray they be awarded all such relief to which they are due as a result of the acts of Allstate Vehicle and Property Insurance Company, and for all such other relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

**THE VOSS LAW FIRM, P.C.**

/s/ *Scott G. Hunziker*
Scott G. Hunziker
Texas Bar No. 24032446
The Voss Law Center
26619 Interstate 45 South
The Woodlands, Texas 77380
Telephone: (713) 861-0015
Facsimile: (713) 861-0021
scott@vosslawfirm.com

ATTORNEY FOR PLAINTIFFS

## **CERTIFICATE OF SERVICE**

       This is to certify that on December 6, 2016, a true and correct copy of the foregoing was served upon the following counsel:

Jay Scott Simon
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1400
Houston, Texas 77056
Telephone: (713) 403-8210
Facsimile: (713) 403-8299

                                          */s/ Scott G. Hunziker*
                                            Scott G. Hunziker